Deaderick, J.,
delivered the opinion of the court.
Defendant Graves, as commissioner, sold in December, 1866, by order of the County Court of Carroll county, a tract of land for partition. One James Martin, became the purchaser at the price of $3,600, for which, after deducting $60 paid, he executed two notes, each for $1,770, one payable in twelve months and the other in two years, with the complainants as sureties on said notes. The title to the land was vested in Martin and a lien was retained upon it to secure the purchase money. The purchase money not having been paid, the County Court, at its November Term, 1868, rendered judgment against the complainants as sureties and Martin their principal for the amount due upon the first note. And at January Term, 1869, a judgment was also rendered by said court against complainants and Martin on the second *581 note. Executions were issued upon these judgments, and were never returned.
In April, 1869, Martin filed his bill against Graves and all the parties interested in the proceeds of the land, seeking a perpetual injunction of said judgments. An injunction was granted, and S. R. Graham and Andrew Neely became Martin's sureties upon the injunction bond. The injunction was dissolved, the bill dismissed and a decree rendered in favor of Graves against Martin and Graham, and Neely his sureties upon the injunction bond, for the amount of said judgments.
Execution was issued and the land sold to Martin was levied on, and purchased by Graves for $800, and the bid in due time was raised to $1,400. After this, Martin prosecuted a writ of error to the Supreme Court where the Chancellor’s decree was affirmed, and a decree rendered and execution awarded against Martin and his sureties on the injunction bond; an execution was issued, and levied upon the lands of Martin and Graham, and the land sold yielding $441.10, to be applied toward the satisfaction of the judgment. A considerable portion of the judgments in the County Court remained unsatisfied, an execution was issued from that court and levied upon the lands of complainant Gowan. Thereupon Gowan filed his bill in the Chancery Court, alleging said jugdment was void, and praying that it might be perpetually enjoined. This relief w'as granted, the court declaring the judgment void, and perpetually enjoining it. Graves then procured another judgment in the *582 County Court, treating as invalid the former judgments of that court. Upon this last named judg-ment, an execution was issued, and to enjoin proceedings upon said execution, the hill in this case was filed.

b

Such are substantially the facts disclosed by the bill and answer, there being no proof in the cause other than transcripts from the County Court showing the rendition .of the several judgments against Martin, and complainants mentioned in the pleading..
The Chancellor gave complainants a decree perpetually enjoining the judgment of the County Court, and defendant has appealed to this court.
Complainants insist that they are relieved from liability upon their undertaking, because Graves, in Martin’s injunction suit, obtained a judgment against him and his sureties on the injunction bond, for the amount of the County Court judgments enjoined, although a large portion thereof remains unpaid, and that the judgments in the County Court were merged in the judgment of this court on said injunction bond, and that Graves by issuance of execution upon the Supreme Court’s decree against Martin and his sureties in the injunction bond, elected to take and pursue his remedy against them and by such election lost his right to pursue his remedy against complainants.
We do not think the facts in this case bring it within the rules of law contended for by complainant. Graves did not voluntarily enter into the litigation involved in the suit of Martin against him. Upon the dismissal of his bill, he was entitled to a judg *583 ment against the sureties in the injunction bond. His effort to make part of the debt dtíe him, out of said sureties, was certainly in the interest and for the benefit of the complainants, and furnishes no ground to them of relief from their liability. Certainly no injury resulted to them. Whether they might not have had just cause to complain if he had voluntarily relinquished any security or means of satisfaction within his control, it is not necessary to decide.
A creditor is held to good faith to the surety in all his dealings with the principal debtor, and will release the surety from liability if he does any act, or enters into any binding contract with the principal, which is injurious to the surety. But it would be unreasonable to hold, that an act which conferred a benefit, and worked no injury to the surety, should operate to discharge him. An election implies a choice between alternative and inconsistent rights. But in our view, there is no inconsistency in pursuing the remedy given by law upon the injunction bond upon dismissal of the suit, and upon failure to realize a sum sufficient to satisfy the judgment, to pursue the remedy provided by law, for- the satisfaction of the balance, by the issuance of execution upon the judgment.
There was no merger of the County Court judgment in the Supreme Court judgment, either in point of fact or in contemplation of law. The County Court, judgment was against Martin and complainants upon a note; and the judgment of the Supreme Court against Martin, and other and different sureties *584 in tbe injunction bond. In the latter case, the judgment upon their bond followed as a legal consequence of the dismissal of the cause and dissolution of the injunction.
It is not claimed that the plaintiff in the judgment, has been paid the amount due, nor that he is endeavoring to compel the payment of both the judgment and decree, or of both the void and valid judgments, as they are respectively styled in the pleadings. He does not claim, not is he entitled to more than one satisfaction of the amount due of balance of the purchase money of the land, for which judgment was rendered in the County Court, and which judgment is not vpid for any reason alleged in the bill.
The decree of the Chancellor will be reversed, and the complainants’ bill will be dismissed.